# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL CANO, | Case No. 1:14-cv-01396-JLT (PC) |
| Plaintiff, | |
| v. | **FINDINGS AND RECOMMENDATIONS TO DISMISS AMENDED COMPLAINT WITH PREJUDICE FOR FAILURE/INABILITY TO STATE A CLAIM** |
| SMITH, et al., | |
| Defendants. | **(Doc. 13)** |
| | **30-DAY DEADLINE** |

**I. Findings**

    **A. Background**

Plaintiff, Gabriel Cano, is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint in this action on September 8, 2014. (Doc. 1.) It was screened and dismissed with leave to amend. (Docs. 9, 10.) On October 8, 2014, Plaintiff filed the First Amended Complaint, which is before the Court for screening. (Doc. 13.)

    **B.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

### C. Summary of the First Amended Complaint

Plaintiff complains of incidents that occurred at California State Prison - Corcoran ("CSP-Cor") in Corcoran, California. Plaintiff names the following Defendants: Doctors Conall McCabe, R. Gill, Jeffrey Wang; Teresa Macias; L.D. Zamora; and the CSP-Cor Pain Committee. Plaintiff seeks monetary and injunctive relief.

Plaintiff alleges that he has a history of lower back pain and has been given the prescription pain killer "Tramadol" by numerous physicians. Plaintiff complains of acts that occurred from October 14, 2012 through October of 2013 wherein he was no longer allowed to receive Tramadol, but was given Ibuprofen instead for his lower back pain.

Despite being given the applicable legal standards, Plaintiff has not stated any cognizable claims such that this action should be dismissed.

## II. Analysis

### A. Plaintiff's Claims for Relief

Plaintiff grieves his inability to obtain his medication of choice, Tramadol, to relieve his chronic back pain. Apparently, Plaintiff filed an inmate appeal regarding receiving Ibuprofen instead of Tramadol for his back pain. Dr.Gill was the interviewer at the first level of his appeal and failed to give Plaintiff Tramadol; Dr. McCabe reviewed the first level decision; Dr. Wang implemented the policy under which Tramadol was no longer given for pain; and Zamora reviewed Plaintiff's appeal at the third level.

#### 1. Eighth Amendment -- Medical Care

As stated in the prior screening order, to maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the

2

1    need was deliberately indifferent."  *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012)

2    (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotation marks omitted)).

3          The existence of a condition or injury that a reasonable doctor would find important and
4    worthy of comment or treatment, the presence of a medical condition that significantly affects an
5    individual's daily activities, and the existence of chronic or substantial pain are indications of a
6    serious medical need.  *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citing *McGuckin v.*
7    *Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc.*
8    *v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)) (quotation marks omitted); *Doty v.*
9    *County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994).  For screening purposes, Plaintiff's lower
10   back pain is accepted as a serious medical need.

11         Deliberate indifference is "a state of mind more blameworthy than negligence" and
12   "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  *Farmer*, 511
13   U.S. at 835 (quoting *Whitley*, 475 U.S. at 319).  "Deliberate indifference is a high legal standard."
14   *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004).  "Under this standard, the prison official
15   must not only 'be aware of the facts from which the inference could be drawn that a substantial
16   risk of serious harm exists,' but that person 'must also draw the inference.'"  *Id.* at 1057 (quoting
17   *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not,
18   then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  *Id.*
19   (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

20         Plaintiff has failed to allege anything more than a difference of opinion between him and
21   the prison medical staff regarding the proper, effective pain medication for his lower back pain.
22   This is insufficient to state a cognizable Eighth Amendment violation.  *See Estelle v. Gamble*, 429
23   U.S. 97, 107 (1976).

24         **2.  Inmate Appeals**

25         It appears that Plaintiff intends to grieve the actions of Dr. Gill, Dr. McCabe, Dr. Wang,
26   and L. Zamora for their involvement in the processing and reviewing of his 602 inmate appeals
27   related to his inability to receive Tramadol, or similar medication other than Ibuprofen for his
28   lower back pain.

As stated in the prior screening order, "[a prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal generally cannot serve as the basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495. Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails, and is unable to prove the elements of a constitutional violation purely for the processing and/or reviewing of his inmate appeals.

However, as also stated in the prior screening order, Plaintiff might be able to state the elements for a claim under the Eight Amendment for deliberate indifference to his serious medical needs against those medical personnel who were involved in reviewing his inmate appeals if Plaintiff was also able to state a claim against a defendant for deliberate indifference to his serious medical needs in an appeal regarding that issue. The distinction in this case, as discussed above, is that Plaintiff does not and cannot state a cognizable claim based on denial of his medication of choice, Tramadol. Without a cognizable underlying Eighth Amendment claim, the actions of reviewers of inmate appeals thereon are also not cognizable.

### 3. Supervisory Liability

Plaintiff alleges that both Defendants Dr. Wong and Zamora implemented the policy of "no Tramadol for pain."

As also stated in the prior screening order, to state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of

4

constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). While Plaintiff alleges that both Dr. Wang and Zamora implemented the policy of "no Tramadol for pain," this policy, as discussed above, does not amount to a violation of Plaintiff's Eighth Amendment rights to support a claim of supervisory liability for its implementation.

Further, even if it amounted to an Eighth Amendment violation, Plaintiff's allegations that Dr. Wang and Zamora implemented the policy are nothing more than "'bare assertions . . . amount[ing] to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim,' for the purposes of ruling on a motion to dismiss [and thus also for screening purposes], are not entitled to an assumption of truth." *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 556 U.S. at 1951 (quoting *Twombly*, 550 U.S. at 555)). "Such allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.* Thus, Plaintiff fails to state a cognizable claim against Dr. Wang or Zamora for the implementation of the policy of "no Tramadol for pain."

### III. CONCLUSION

Plaintiff's First Amended Complaint fails to state a cognizable claim against any of the named Defendants. Given Plaintiff's persistence in attempting to state a causes of action that he as previously been advised are not actionable, it appears futile to allow further amendment.

Accordingly, it is HEREBY RECOMMENDED that this entire action be dismissed with prejudice and this dismissal should count as a strike for purposes of 28 U.S.C. §1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 30 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 11, 2014**          **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE