# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GABRIEL CANO,

    Plaintiff,

  v.

SMITH, et al.,

    Defendants.

Case No. 1:14-cv-01396-JLT (PC)

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT**

**(Doc. 12)**

Plaintiff, Gabriel Cano, is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint in this action on September 8, 2014. (Doc. 1.) It was screened and dismissed with leave to amend. (Docs. 9, 10.) On October 8, 2014, Plaintiff filed the First Amended Complaint (Doc. 7), upon which Findings and Recommendations to dismiss the action issued (Doc. 8). Despite Plaintiff's objects (Doc. 9) the Findings and Recommendations were adopted in full (Doc. 10) on January 26, 2015 and judgment was entered that same day (Doc. 11). On February 4, 2015, Plaintiff filed a motion to alter or amend the judgment under Federal Rules of Civil Procedure Rule[1] 59(e). (Doc. 12.)

Rule 59(e) provides that a motion to alter or amend a judgment just be filed no later than 28 days after the entry of the judgment. Plaintiff's motion is timely under this Rule. However,

---

[1] The Federal Rules of Civil Procedure will hereinafter be referred to as "Rule *." Any reference to other statutory authorities shall so indicate.

1

Rule 59(e) provides a means to correct an error contained in a judgment post-trial, which did not occur in this action.

In his motion for reconsideration, Plaintiff argues that he should be given another opportunity to amend his pleading, or alternatively, that he has stated cognizable claims such that the First Amended Complaint he filed in this action should be deemed to have passed screening and be served on the Defendants. (Doc. 12, p. 2.) Thus, Plaintiff's motion is properly construed as a motion for reconsideration under Rule 60 for relief from a judgment or order.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). The moving party must demonstrate both injury and circumstances beyond his control. *Id*. Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time" the objectionable order issued.

A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law, and it may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir. 2009).

Plaintiff has shown neither any newly discovered evidence, nor that the Court erred in its application of the law to Plaintiff's factual allegations. Plaintiff's disagreement with the Court's determination provides no basis for vacating the judgment entered in this case.

The Court carefully reviewed Plaintiff's First Amended Complaint and detailed the reasons Plaintiff failed to state any cognizable claims. Plaintiff's motion fails to set forth any grounds entitling him to reconsideration of the order dismissing this action.

///

Accordingly, it is HEREBY ORDERED that Plaintiff's motion, filed February 4, 2015 (Doc. 12), is DENIED, with prejudice.

IT IS SO ORDERED.

Dated:   **April 21, 2015**              **/s/ Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE